IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| AMOS FENNELL, #146234 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-525 |
| § | |
| JUDGE ROY QUINTANILLA, ET AL. § | |

### REPORT AND RECOMMENDATION

Plaintiff Amos Fennell, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. The particularity with which Plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having considered Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). Plaintiff's assertions in the instant complaint, which are nearly incomprehensible, appear to allege that Judge Quintanilla signed a warrant for Plaintiff's arrest and issued an order, of unknown nature and to which Plaintiff objects, to an unnamed female acquaintance of Plaintiff's. Plaintiff also objects to the manner in which Judge Quintanilla allegedly spoke to him in Court.

Judges have absolute immunity for actions taken while acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Plaintiff's poorly pleaded claims against Judge Quintanilla appear to arise out of a perfectly legitimate judicial acts. Plaintiff simply objects to their having been performed. Given the facts as pleaded, Judge Quintanilla is entitled to judicial immunity.

Plaintiff also named Judge Schweitzer and District Attorney Sistrunk as Defendants in the instant cause; however, no claims were raised against either Defendant. Failure to indicate an individual Defendant's personal involvement in the alleged unconstitutional action is grounds for dismissing the complaint. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986).

For the aforementioned reason, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **November 25, 2005** in which to have written objections <u>physically on file</u> in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.</u> Failure to file written objections within the prescribed time shall bar an aggrieved

party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____7th____ day of November, 2005.

John R. Froeschner
United States Magistrate Judge